## Industrial Home Workers

BARD, Attorney General, January 16, 1939.—We have your request to be advised on the following questions:

"1. Is an employer of industrial home workers (Act 176 of 1937) required to carry workmen's compensation insurance on home workers, under the requirements of The Workmen's Compensation Act (Act 338 of 1915 as reënacted and amended by Act 323, June 4, 1937)?"

Section 3(c) of the Industrial Homework Law of May 18, 1937, P. L. 665, defines an employer as follows:

"(c) 'Employer.' Any person who for his own account or benefit, directly or indirectly, or through an employe, agent, independent contractor, or any other person.

"(1) Delivers, or causes to be delivered to another person, any articles or materials to be manufactured in a home and thereafter to be returned to him, not for the personal use of himself or of a member of his family, or thereafter to be disposed of otherwise in accordance with his directions, or

"(2) Sells to another person, any materials or articles for the purpose of having such articles or materials manufactured in a home and of then rebuying such materials or articles after such manufacture, either by himself, or by someone designated by him."

The Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of June 4, 1937, P. L. 1552, defines the term "employer" as follows:

"Section 103. The term 'employer', as used in this act, is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it. Whenever used in any clause prescribing and imposing a fine or imprisonment, or both, the term 'employer', as applied to partnerships or joint-stock companies or corporations, shall mean the partners or the executive officers, or local managers thereof."

The same statute defines the term "employe", inter alia, as follows:

"Section 104. The term 'employe', as used in this act is declared to be synonymous with servant, and includes—

"(a) All natural persons, including minors, who perform services of any kind, except agriculture services or domestic services performed in a private home, for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer."

When a person procures the performance of services by another, two legal relations may result: One, that of employer and employe; and two, that of employer and independent contractor. In the former relationship, the employer has the actual or potential control at all times, both of the manner and means of performing the services, and of the result to be accomplished. In the latter relationship, the independent contractor is obliged to follow the will of his employer only as to the result of the work in hand, and not as to the means by which it is to be accomplished.

In determining whether home-workers are employes within the scope of the act under consideration, the inquiry should relate to whether the worker may perform the work according to his own methods and without direction from the employer, save as to the result, and whether the time which he devotes to the execution of the work is within his own control. Where these factors are present, it is uniformly held that the one who is so engaged is an independent contractor and not an employe.

While the courts are not solicitous to put a claimant in the position of an independent contractor, when a reasonable view of the relationship warrants the finding that the injured person was an employe, it must be remembered that the law is applicable to one only when he occupies the status of an employe.

In general, where work is let out to be done on the worker's own premises, he using his own equipment and doing the work according to his own methods and without direction from the employer as to the manner in which the work shall be done, and not being required to devote his whole time to the performance of the contract, the worker in such case is not an employe but an independent contractor, who does not fall within the provisions of The Workmen's Compensation Act, supra.

"2. Is an employer of industrial home workers (Act 176 of 1937) required to carry unemployment compensa-

tion insurance and Federal old-age pension under State and Federal social security laws?"

Section 4(*h*) of the Unemployment Compensation Law of December 5, 1936, P. L.(1937) 2897, provides as follows:

"(*h*) 'Employe' means every individual, whether male, female, citizen, alien or minor who is performing or subsequent to January first, one thousand nine hundred thirty-six, has performed services for an employer in an employment subject to this act."

Section 4(*i*) of the said, act, as amended by the Act of May 18, 1937, P. L. 658, defines "employer", inter alia, as follows:

"(*i*) 'Employer' means every—(1) individual, (2) copartnership, (3) association, (4) corporation (domestic or foreign), (5) the legal representative, trustee in bankruptcy, receiver or trustee of any individual, copartnership, association, or corporation, or (6) the legal representative of a deceased person, (I) who or which employed or employs any employe (whether or not the same employe) in employment subject to this act for some portion of each of some twenty (20) days during the calendar year one thousand nine hundred thirty-six, or any calendar year thereafter, each day being in a different week, or (II) who or which has elected to become fully subject to this act, and whose election remains in force."

What has been said above in reply to the first question applies with equal force to this question. While the language of the above-quoted definitions is comprehensive enough to include a home-worker, a perusal of the entire act indicates the legislative intent to restrict its benefits to the vast army of workers who are employes in the strict legal sense, and to exclude from its operation those workers who perform their services in their homes at such times and seasons as suit their fancy.

Where the home-worker performs the services according to his own methods, and upon his own time, free of

control therein by his employer, except as to the result of his work, he is not an employe but an independent contractor in law, and, as such, does not fall within the provisions of the Unemployment Compensation Law, above cited.

To summarize, you are advised that where a homeworker is an independent contractor within the test above indicated, he is not:

1. An employe within the meaning of The Workmen's Compensation Act, and, therefore, the employer is not required to carry workmen's compensation insurance covering him, under The Workmen's Compensation Act, supra, and

2. An employe within the meaning of the Unemployment Compensation Law, and, therefore, the employer is not required to carry unemployment compensation insurance covering him, pursuant to the provisions of the Unemployment Compensation Law, cited above.